FILED & ENTERED

MAY 05 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ARKA SANGBARANI OROOJIAN,<br><br>　　　　　　　　　　　Debtor. | Case No.  2:19-bk-22853-RK<br><br>Chapter 7<br><br>Adv. No.  2:20-ap-01020-RK<br><br>**ORDER ABSTAINING FROM DETERMINING PLAINTIFF'S TORT CLAIMS AGAINST DEFENDANT UNDERLYING HER DEBT DISCHARGEABILITY CLAIM IN THIS ADVERSARY PROCEEDING, GRANTING STAY RELIEF SUA SPONTE TO ALLOW STATE COURT ACTION TO LIQUIDATE TORT CLAIMS, STAYING ADVERSARY PROCEEDING PENDING OUTCOME OF STATE COURT ACTION AND SETTING FURTHER STATUS CONFERENCE**<br><br>Status Conference:<br>Date:　　May 5, 2020<br>Time:　　1:30 p.m.<br>Place:  Courtroom 1675<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, California  90012 |
| RHIANNA YATES,<br><br>　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>ARKA SANGBARANI OROOJIAN,<br><br>　　　　　　　　　　　Defendant. | |

-1-

1    This adversary proceeding came on for hearing before the court for a status
2 conference on May 5, 2020.  Jacob J. Ventura, of the law firm of Kristensen LLP,
3 appeared for Plaintiff Rhianna Yates.  M. Jonathan Hayes, of the law firm of Resnik
4 Hayes Moradi LLP, appeared for Defendant Arka Sangbarani Oroojian.  In her
5 adversary complaint, plaintiff alleged that defendant physically attacking her by
6 punching her in the face continually after she told him to stop intimidating a hot dog
7 vendor from whom that she had just bought hot dogs on a corner in downtown Los
8 Angeles, California.  Complaint, ECF 1, at 3-4.  Plaintiff alleged that defendant's attack
9 on her resulted in her suffering a concussion, finger injuries requiring surgery and
10 incurring extensive medical expenses for treatment and rehabilitation, causing her to
11 suffer pain, suffering, mental and emotional distress, embarrassment, humiliation and
12 other damages.  *Id*.  Plaintiff alleged that she filed a civil complaint against defendant in
13 the Superior Court of California for the County of Los Angeles, Case No.
14 19STCV33320, asserting causes of action for assault, battery and intentional infliction of
15 emotional distress and praying for damages exceeding $5 million.  *Id*.  Defendant then
16 commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 7
17 of the Bankruptcy Code, 11 U.S.C., and plaintiff's state court action asserting tort claims
18 is stayed by the automatic stay in bankruptcy.  *Id*. at 5.  Plaintiff's adversary complaint
19 only asserts the claim to determine dischargeability of debt based on her state court tort
20 claims which are not asserted in the adversary complaint and which remain
21 unliquidated.
22    Because the alleged debt from plaintiff's tort claims against defendant has not
23 been determined and liquidated, the court had requested the parties to file briefing on
24 whether the court should abstain from determining plaintiff's tort claims against
25 defendant underlying her claim in this adversary proceeding to determine
26 dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6).  After considering the briefing
27 of the parties ordered by the court, the court provided and posted on the court's website
28 on May 4, 2020 the following as its supplemental tentative ruling for the status

conference to its prior tentative ruling of May 1, 2020.  The court will abstain from determining the underlying state law tort claims that plaintiff has against defendant pursuant to statutory permissive abstention under 28 U.S.C. § 1334(c)(1) and nonstatutory abstention under *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).  The factors that the court has considered for permissive abstention are set forth in *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990): 1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention (favoring abstention for lack of effect on efficient administration of the estate), (2) the extent to which state law issues predominate over bankruptcy issues (favoring abstention since plaintiff's tort claims are governed by state law), (3) the difficulty or unsettled nature of the applicable law (neutral since the applicable law is not difficult or unsettled), (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court (favoring abstention, there is pending state law court action stayed by this bankruptcy case), (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334 (favoring abstention since the only basis for jurisdiction is the court's related to jurisdiction), (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case (favoring abstention since the dispute in the adversary proceeding is remote to the main bankruptcy case), (7) the substance rather than form of an asserted "core" proceeding (favoring abstention because the underlying tort claims are noncore proceedings), (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court (favoring abstention, severance of state law claims to be tried in state court from the dischargeability claim can be accomplished), (9) the burden of [the bankruptcy court's] docket (favoring abstention, trying the tort claim would be burdensome on the bankruptcy court or district court's docket pursuant to 28 U.S.C. § 157(b)(5)), (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties (this factor is neutral as the court makes no determination of forum shopping), (11) the existence of a right to

a jury trial (favoring abstention since the parties have the right to jury trial on the tort claims), and (12) the presence in the proceeding of nondebtor parties (not favoring abstention since the only parties to the dispute are before the court).  Based on the overwhelming presence of factors favoring abstention, the court exercises permissive abstention as to plaintiff's tort claims underlying her nondischargeability action.

The court also exercises nonstatutory *Colorado River* abstention as the factors for such abstention favor abstention because: (1) state law provides the rule of decision on the merits; (2) the state court proceeding is adequate to protect the parties' rights; and (3) the state court obtained and exercised jurisdiction first as the state court action was ready to go to trial before defendant filed his bankruptcy case, staying that action.  *In re Bellucci*, 119 B.R. 763, 775-776 (Bankr. E.D. Cal. 1990) (citations omitted). "Under the Colorado River doctrine, a federal trial court has discretion in 'exceptional circumstances' and despite the general obligation to exercise jurisdiction, to stay or dismiss an action for reasonable of wise judicial administration solely because of parallel litigation in state court."  *Id*. at 775 (citations omitted).  Thus, the court abstains from hearing plaintiff's state law tort claims and stays this action until the state court determines those claims, and afterwards, the court will then determine plaintiff's debt dischargeability claims in this adversary proceeding.

In so abstaining, the court will also grant stay relief *sua sponte* to allow the state court action to proceed to judgment, but not permitting enforcement of any judgment against the debtor or property of the estate unless further stay relief is obtained by order of the court or by operation of statute.  *In re Belluci*, 119 B.R. at 778-779; accord, *In re Calkins*, BAP No. AZ-17-1284-LBTa, 2019 WL 1594016 (9th Cir. BAP 2019), slip op. at *4.

Accordingly, based on the foregoing, the court orders as follows:

1. The court abstains from determining plaintiff's tort claims underlying her claim to determine dischargeability of debt.
2. The court grants relief from the automatic stay under 11 U.S.C. § 362(d)(1) so

that plaintiff's tort claims against defendant in the pending state court action in the Superior Court of California for the County of Los Angeles, Case No. 19STCV33320, may be litigated to judgment.  However, no enforcement of any judgment against defendant, the debtor in this bankruptcy case, or against property of the bankruptcy estate in this bankruptcy case unless the automatic stay is modified or terminated either pursuant to further order of this court or by operation of law.

3. This adversary proceeding is stayed pending the entry of a judgment determining plaintiff's tort claims in the state court action.  The court will determine plaintiff's claim to determine dischargeability of debt after the state court enters a judgment on the underlying tort claims of plaintiff against defendant.  The parties are ordered to file a notice of judgment with this court within 30 days of entry of any judgment on plaintiff's tort claims by the state court.

4. The court sets a further status conference in this adversary proceeding before the court on December 1, 2020 at 1:30 p.m. in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, California  90012.  The court waives the requirement of a written status report for this status conference, and the parties may report orally on the status of the state court action.

IT IS SO ORDERED.

###

Date: May 5, 2020

_____
Robert Kwan
United States Bankruptcy Judge